## MERCHANT V. PEREZ.

Where a mechanic furnished material and built a house for another, and the lat-
ter moved into it and occupied it as her homestead, it was held that the former
retained no lien upon the property; but the Court say, it would have been
different, if the parties had contracted, under the terms of the statute, (Hart.
Dig. p. 745,) for a lien, before the house had been built and become the home-
stead of the defendant.

Appeal from Bexar.

*Vanderlip & Jones,* for appellant.  A verbal contract to
perform specified services, as between the parties, is as bind-
ing in this instance, as a written one.  The Section, (Art.
2463, Hart. Dig.) requiring the contract to be recorded with-
in a given time, is evidently intended as a notice to third
parties only.  The reducing the contract to writing and plac-
ing it upon record, could impart no additional weight, force,
or sanctity, nor make it more meritorious, as between the
parties themselves.  It cannot be the intention of the statute
to impose upon the contracting parties terms, conditions and
formalities, which, by the law were before useless and un-
necessary, so far as the parties were concerned.  Plaintiff
furnished materials, and built a house for defendant, made
out his bill and presented it, and she acknowledged its cor-
rectness, and stated in writing that the amount was expend-
ed in erecting the house.  This was a substantial admission
of the mechanic's lien, as it was not stipulated to the con-
trary.  (Art. 2455, Hartley.)  There are no other or third
parties seeking to avoid the plaintiff's lien; but the defend-
ant alone attempting to avoid her own contract, which she
insists was not made according to law.  The question of the
homestead exemption is improperly involved in the verdict,
·which was made under the direction of the Court.

*S. G. Newton*, for appellee. It is respectfully suggested that the simple acknowledging the account by defendant, does not create the lien contended for. (Hart. Dig. p. 745.) Nor can the mechanic's lien, as recognized at Common Law, prevail: for it would be in contravention of the Constitution. For it appears, by the finding of the jury, the house was in possession of, and the homestead of the defendant, and that she was the head of a family.—If so, the property cannot be sold at forced sale. If defendant ever had a lien, he has waived it by placing defendant in possession of the premises.

LIPSCOMB, J. This suit was brought by the appellant against the appellee, for work and labor in building a house, and furnishing material, for the defendant, on an account stated and acknowledged by the defendant; and it claims the mechanics's lien, as security for the payment of the money. There was no contract for the lien, as required by the statute; (Art. 2455, Hart. Dig.;) nor is there any pretension to having observed the statutory requisition in favor of the lien of the builder. The acknowledgment to the account stated is in the following words, at the foot of the account: "San Antonio, August 20th, 1852. The above balance due to F. Merchant, for furnishing the material and building the house, in which I now reside, on Commerce Street, adjoining the store of Louis Zirk.

Her

Signed,          JOSEFA ⋈ PEREZ.

ANGEL NAVARRO, Test.          · Mark.

The jury found a verdict for the plaintiff, for the balance acknowledged, and found that the acknowledgment, before stated, was the only evidence of the contract between the parties; and further found that the house, so built, was the homestead of the defendant. Upon this verdict the Court rendered a judgment for the amount so fonnd, but refused to decree the lien prayed to be enforced; from which judgment the plaintiff appealed.

This may be a case of great hardship on the plaintiff, to lose, under such circumstances, his labor and material; but it is not different, in principle, from those of daily occurrence, where the price of labor and property is lost, from a failure to have payment sufficiently secured. Had the parties contracted, under the terms of the statute, for a lien, and this before the house had been built, and become the homestead and domicil of the defendant, the case would have been altogether different; but no such contract was made, and the defendant was already living in, and occupying the house as a homestead, at the time of the only evidence of a contract; and such homestead is protected from a forced sale, by the Constitution and the statute. (See Hart. Dig. p. 73, 174, 176.) We believe that there was no error in refusing to sustain and enforce the builder's lien in this case.

Judgment affirmed.